```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**CHAD HATTEN,**

                 **Petitioner,**

         **v.**                          **CASE NO. 09-3185-RDR**

**UNITED STATES**
**OF AMERICA,**

                 **Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

    This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Petitioner seeks to "challenge disciplinary sanction" of the loss of 54 days good time, imposed at another federal institution upon his being "found guilty of fighting with another" inmate and "possession of a weapon". He claims there was insufficient evidence to find him guilty of these two offenses. He also alleges he is Jewish and in danger due to his transfer to USPL, which he claims is "the most violent and anti-Semitic institution" within the Bureau of Prisons (BOP). The court is asked to restore 54 days of good time. Having examined the materials filed, the court finds as follows.

    At the outset, the court notes that petitioner has not named a proper respondent. The proper respondent in a § 2241 proceeding is "the person who has custody over petitioner." <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435-42 (2004).

<u>**FILING FEE REQUIREMENTS ARE NOT SATISFIED**</u>

    In order for this action to proceed in federal court, petitioner must either pay the filing fee of $5.00 or submit a

proper motion for leave to proceed without prepayment of fees. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Petitioner has not filed a proper motion, financial affidavit, or certified statement of his inmate account. Instead, he simply files a statement alleging he asked for an account statement that has not been provided, and asks the court to order respondent to provide his account statement.

The court has not had similar complaints that account statements were not provided upon proper requests to Leavenworth or BOP officials, and petitioner does not allege sufficient facts to show that he has requested this documentation in the proper manner from the proper officials. It is his responsibility to obtain a certified statement of his inmate account for the six months preceding the filing of his petition from each of the institutions at which he was confined during that time period. Mr. Hatten will be given time to pay the fee, submit a properly documented motion upon forms provided by the court, or allege facts and provide documentation showing he has submitted proper requests for an account statement that have been denied. If he fails to satisfy the filing fee requirements within the allotted time, this action may be dismissed without prejudice, and without further notice.

2

**FAILURE TO SHOW EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Although § 2241 does not contain an explicit exhaustion requirement, the law in this Circuit generally requires a federal inmate to exhaust administrative remedies within the Bureau of Prisons (BOP) before seeking habeas corpus relief in federal court[1]. See e.g., Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986); see also, Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); 243 F.3d 629, 634 (2nd Cir. 2001). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. See Woodford v. Ngo, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." Id. at 90-91. The use of administrative procedures assists the Court by developing a factual record, permitting the application of corrections expertise to the claims of the prisoner, and possibly resolving the claim which would limit or eliminate the Court's interference in the operation of the institution.

Petitioner makes the bald statement that he has exhausted administrative remedies. However, he does allege any facts showing full and proper exhaustion on both his claims. He does not describe

---

[1] The BOP administrative remedy program has long been available to federal prisoners. See 28 C.F.R. §§ 542.10-542.19. Thereunder, an inmate may "seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then filing an administrative remedy request with institution staff as well as regional and national appeals. See 28 C.F.R. § 542.14-542.15. The BOP administrative remedy procedure, however, provides that a DHO appeal is submitted initially to the Regional Director for the region where the inmate currently is located. See 28 U.S.C. § 542.14(d)(2). The BOP administrative remedy program also provides specific deadlines for submitting regional and national appeals. See 28 C.F.R. § 542.15(a).

3

the disciplinary reports written against him, the evidence presented, the findings and written statement of reasons provided by the disciplinary hearing officer (DHO), or the claims raised on administrative appeal, and the responses to those appeals. Nor does he provide any dates. The court finds that petitioner must provide this information to show that he has fully and properly exhausted administrative remedies available within the BOP. He may provide copies of documents from the disciplinary proceedings, if available. Otherwise, he must at least provide a summary of the steps he took to exhaust and the claims raised and decision rendered at each level.

**FAILURE TO ALLEGE SUFFICIENT FACTS**

Petitioner must also provide more information regarding his disciplinary proceedings and appeals in order to state a claim under § 2241. He must allege facts indicating the disciplinary action taken against him amounted to a "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). A habeas petition must specify all the grounds for relief and state the facts supporting each ground in the petition. In Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985), the United States Supreme Court held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." See also Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 812 (10th Cir. 2007). "Ascertaining whether [the "some evidence"] standard is satisfied does not require examination of the entire record,

4

independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. (citing Hill at 455-56). A disciplinary board's decision can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager.'" Id. (quoting Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996)(quoting Hill, 472 U.S. at 457)).

Petitioner alleges there was no evidence of his guilt at the same time he alleges there was not a preponderance of the evidence. His claims of exculpatory evidence mainly involve the charge of possession of a weapon. He describes exculpatory evidence, but does not describe all evidence presented at the hearing or what evidence was relied upon by the DHO in the statement of reasons. Petitioner will be given time to supplement his petition with additional facts sufficient to show full and proper exhaustion of administrative remedies and to state a claim for relief under § 2241. If he does not comply within the time allotted, this action may be dismissed, without further notice.

The court further finds that petitioner's claims regarding anti-Semitism and personal danger at the USPL are not supported by any factual allegations, would not entitle him to the requested relief of restoration of good time, and are not shown to have been presented through the grievance procedures at the prison.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to either pay the filing fee or submit a properly supported motion to proceed without prepayment of fees; or this

5

action will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that within the same time period, petitioner is required to supplement his petition with additional facts or documentation sufficient to show he has fully exhausted administrative remedies and to state a claim under § 2241.

The clerk of the court is directed to transmit forms for filing a Motion to Proceed Without Prepayment of Fees to petitioner.

**IT IS SO ORDERED.**

**DATED:**  This 9th day of October, 2009, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge