IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

CHAD HATTEN,

          Petitioner,

vs.                                   **Case No. 09-3185-RDR**

C. CHESTER, Warden,
USP Leavenworth,

          Respondent.

## MEMORANDUM AND ORDER

This case is before the court upon a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner who is incarcerated at USP-Leavenworth in Kansas. The respondent is C. Chester, Warden of USP-Leavenworth.[1] Plaintiff alleges that he has been unconstitutionally denied good time credits as a product of a prison disciplinary hearing at FCI-Sheridan in Oregon. Petitioner's claims boil down to one contention, that there is no evidence to support the charge that petitioner possessed a weapon.

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied "without the minimal safeguards afforded by the Due Process Clause of the Fourteenth

---

[1] Petitioner named the United States of America as the respondent. However, the court has substituted C. Chester as the respondent because the proper respondent to a petition filed pursuant to 28 U.S.C. § 2241 is petitioner's immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

Amendment.'" Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (quoting Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991) (quoting Ponte v. Real, 471 U.S. 491, 495 (1985)). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The requirements of due process are met if there is just "some evidence" to support the decision to revoke good time credits. Mitchell, 80 F.3d at 1445. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant conclusion is whether there is any evidence that could support the conclusion reached by the disciplinary [hearing officer]." Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455-56 (1985). A decision may be upheld "even if the evidence supporting the decision is 'meager.'" Mitchell, 80 F.3d at 1445 (citing Hill, 472 U.S. at 457). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Hill, 472 U.S. at 457.

The evidence before the disciplinary hearing officer showed that petitioner and a cellmate (who for convenience will be

2

referred to as "Inmate X") engaged in a fight in the early morning hours of February 13, 2009. Another cellmate did not participate in the fight. Petitioner stated at the disciplinary hearing and beforehand to investigating officers that he was attacked by Inmate X with a pen while he was sleeping.[2] Inmate X stated that he fought with petitioner because petitioner was snoring and that petitioner stuck him in the arm and back with a pen. An officer who responded to the fight wrote that both petitioner and Inmate X had visible injuries and blood on them. A prison health services report stated that petitioner and Inmate X suffered puncture wounds. The hearing officer examined photographs which showed the injuries to petitioner and Inmate X. The cellmate who did not engage in the fight testified that he saw petitioner and Inmate X wrestling around and neither of them had any weapons. Petitioner denied striking or using a weapon against Inmate X. Petitioner suggested that Inmate X's wounds were caused by petitioner's watch. A broken pen and a pencil were found in the cell.

Upon review of the record, the court concludes that the loss of good time credits for possession of a weapon was supported by some evidence, evidence sufficient to satisfy due process standards. Therefore, the court shall direct that the petition for habeas corpus relief pursuant to § 2241 be denied.

---

[2] Petitioner states in a supplement to his petition that his injuries were caused by his assailant's fists. Doc. No. 4 at p. 2.

3

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2010 at Topeka, Kansas.

                                  s/Richard D. Rogers
                                  United States District Judge